IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GARRETT PROCKNOW,

    Plaintiff,

  v.

WABASH METAL PRODUCTS, INC., ACS GROUP, INC. and DOES 1 through 20, inclusive,

    Defendants.

No. C 11-03589 WHA

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND VACATING HEARING**

## INTRODUCTION

In this personal injury action, plaintiff moves to remand this action to state court to be joined with a similar action regarding the same events. For the following reasons, plaintiff's motion to remand is **DENIED**.

## STATEMENT

In May 2011, plaintiff was allegedly injured while operating a machine manufactured by defendant Wabash Metal Products, Inc. Plaintiff was working when the machine allegedly malfunctioned and resulted in plaintiff's arm being amputated below the elbow (Br. 2).

Plaintiff commenced this action in June 2011 against defendants Wabash and ACS Group, Inc. in state court. Plaintiff alleged the following causes of action: (1) negligence; (2) product liability: failure to warn; (3) product liability: defective design; and (4) product

1  liability: strict product liability (Dkt. No. 1, Exh. A). Wabash then removed here on the basis of

2  diversity jurisdiction. In its notice of removal, Wabash asserted (Dkt. No. 1, at 2):

> Complete diversity of citizenship exists in that:
> Plaintiff . . . is a citizen of the State of California, and
> Defendant, Wabash Metal Products, Inc. was and is a
> corporation incorporated under the laws of the State of
> Wisconsin with its principal place of business in Wabash,
> Indiana, and is the only defendant that has been served with
> a summons and complaint in this action.

7  Then, Travelers Property Casualty Company of America commenced an action in state

8  court against Wabash for subrogation related to the same injuries sustained by plaintiff (Br.

9  Exh. A). Specifically, Travelers asserted four causes of action against Wabash: (1) subrogation;

10  (2) subrogation: strict product liability; (3) subrogation: breach of express and implied

11  warranties; and (4) subrogation: negligence (Br. Exh. A).

12  Plaintiff now seeks to remand the present action pursuant to Section 1447 and *Colorado*

13  *River Water Conservation District v. United States*, 424 U.S. 800 (1976), to state court in

14  San Francisco so that it can be joined with Travelers' subrogation action against Wabash,

15  also in that court. Wabash opposes. No other defendant has responded. This order follows

16  full briefing.

**ANALYSIS**

18  As a preliminary matter, plaintiff does not question whether federal jurisdiction was

19  properly conferred over the subject matter of the complaint after removal. Defendant correctly

20  notes that subject-matter jurisdiction exists here based on diversity of citizenship (Opp. 3–4).

21  Plaintiff states in one sentence that this motion is made pursuant to Section 1447, but fails to

22  elaborate (Br. 1). Section 1447(c) provides for the remand of actions where the court lacks

23  subject-matter jurisdiction or "on the basis of any defect." Because plaintiff does not challenge

24  the validity of subject-matter jurisdiction nor does he allege any other defect in the removal

25  process, this order finds that this motion is not properly brought under Section 1447.

26  *Colorado River* abstention is therefore the only basis for remand considered by this order.

27  Plaintiff's claims are for money damages, which presents a problem for the application of

28  abstention principles. While the Supreme Court has held that "federal courts may stay actions

for damages based on abstention principles," it has not held that "those principles support the outright dismissal or remand of damages actions." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996). The Court held, "[u]nder our precedents, federal courts have the power to dismiss or *remand* cases based on abstention principles *only where the relief sought is equitable or otherwise discretionary.*" *Id.* at 731 (emphasis added). Plaintiff made no attempts to distinguish *Quackenbush* and in fact did not even cite to it. *Quackenbush* states that an action for money damages *cannot* be remanded.

Even if the Colorado River factors were considered, they would hardly warrant abstention. Because this order agrees with defendant that this action should not be remanded to state court under *Colorado River*, it does not reach defendant's other theory that plaintiff waived his right to seek remand. Plaintiff's motion to remand is therefore **DENIED**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **DENIED**. The hearing set for December 8 is **VACATED**.

**IT IS SO ORDERED.**

Dated: December 6, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3